1838.

Huyler
v.
Westervelt.

</div>

---

### HUYLER vs. WESTERVELT and others.

The court of chancery has no jurisdiction to stay the proceedings of the trustees of the property of an absconding, concealed or non-resident debtor; the debtor must resort to the remedies provided by the revised statutes.

Whether, one partner, who has been proceeded against by his co-partner as an absconding debtor, under the provisions of the revised statutes, can after the appointment of trustees file a bill for the settlement of the co-partnership concerns; *quære?*

THIS was an application for an injunction to restrain the prosecuting creditor, and the trustees of the complainant, as a non-resident debtor, from proceeding under the attachment against the complainant's property and effects. From the bill it appeared that the alleged indebtedness, upon which the prosecuting creditor sued out his attachment against the complainant as a non-resident debtor, arose out of unsettled partnership dealings between the parties, as to which the prosecuting creditor had refused to render any account, or to come to a settlement with the complainant. The bill alleged that the prosecuting creditor was indebted to the complainant, upon a fair settlement of

<div align="right">

April 3.

</div>

such account ; but by reason of the complainant's non-residence he had been unable to procure the requisite security for the discharge of the attachment. The complainant also alleged that he had offered to submit the settlement of their copartnership accounts to arbitrators, and to pay to the prosecuting creditor any balance that might be found due ; but that the latter declined to make any arrangement for an equitable settlement of the account, and that he had proceeded and procured his brother and two other persons to be appointed trustees of the complainant's property and effects.

*T. W. Tucker*, for the complainant.

THE CHANCELLOR. Upon a careful examination of the statutory provisions on the subject of proceedings against the property of absent and non-resident debtors, I am satisfied that this court has no jurisdiction to interfere in this case, to stay the proceedings of the trustees as to the complainant's property. The remedy given by the statute, where the claim of the prosecuting creditor is false and unfounded, is to apply to the officer by whom the attachment was granted to discharge the same, upon security to pay the amount, if any, which may be afterwards ascertained to be due. And the fact that the non-resident or absent debtor is unable to give the security required by the statute, cannot authorize this court to stay the proceedings upon the attachment without security. Athough this court has original jurisdiction in matters of account, it is at least doubtful whether the complainant can proceed by bill here, for a settlement of the account between him and his former copartner, after the actual appointment of trustees. By the express provisions of the statute the trustees, upon taking the oath of office as such trustees, are vested with all the real and personal property of the person proceeded against, as an absent or non-resident debtor, in this state, for the benefit not only of the prosecuting creditor but of all other creditors of the absentee. The trustees have the right to sue in their own names for the recovery of any demand due to the absent debtor, whether the same be due from the person who su-

ed out the attachment or any other person. And they are authorized to settle all matters and accounts between the absentee and his debtors, or creditors. (2 *R. S.* 42, § 7, *sub.* 1, 7.) As the trustees are bound to protect the rights of the absentee as well as those of the supposed creditors, it was undoubtedly improper to appoint the brother of the prosecuting creditor a trustee, to settle this disputed claim between the absentee and one so nearly related to the trustee. This perhaps may be considered a sufficient cause for the removal of that trustee, upon an application to the supreme court; or for an application to that court, by the debtor, for an order directing the trustees to refer the settlement of the accounts to arbitrators who are indifferent between the parties. The article of the revised statutes relative to the powers, duties and obligations of trustees and assignees, (2 *R. S.* 40,) has given ample powers to the trustees to protect the rights of both parties; and as the complainant has the power to compel them to do their duty in this respect, by a summary application to the supreme court, there appears to be no necessity for the interference of the court of chancery.

The application for an injunction must therefore be denied.